STELLA E. WHITE *vs.* JOSEPH A. WHITE.

PROVIDENCE—APRIL 26, 1901.

PRESENT: Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Divorce. New Trials.*

Gen. Laws cap. 251, § 2, providing for new trials of suits tried or decided in the Common Pleas Division of the Supreme Court or in any District Court within one year previous to the application, for certain reasons therein specified, does not apply to petitions for divorce.

(2) *Divorce. New Trials.*

Gen. Laws cap. 246, § 2, provides that "in case of judgment entered by mistake, or in case of decrees in all equity causes and cases following the course of equity, the court shall have control over the same for the period of six months after the entry thereof and may set aside the same or make new entry." On petition for new trial and rehearing of a suit for divorce :—

*Held,* that the Appellate Division could exercise any power granted under this section in said suit so far as applicable to the conditions thereof, provided such exercise of power was sought within six months from the entry of judgment therein. Any power however applicable to such suit would not be available if sought after such period.

(3) *Divorce. Depositions.*

Gen. Laws cap. 244, § 28, authorizes the court to issue a commission to take depositions only in actions and suits pending at the time. Hence the issuing a commission in an adjudicated suit is nugatory and void.

PETITION for new trial and for the rehearing of a suit for

divorce. The facts are fully stated in the opinion. Heard on motions to dismiss, and motions granted.

ROGERS, J. Stella E. White filed her petition for divorce,. No. 12,340, against Joseph A. White in the Appellate Division of the Supreme Court August 16, 1899, and the same was heard on its merits June 6, 1900, by a single justice, who on said last-named date denied it.

September 7, 1900, said Stella E. White entered another petition for divorce against the said Joseph A. White, No. 13,016, upon substantially the same grounds contained in the former petition, with the addition of an allegation of adultery.

January 22, 1901, said Stella E. White filed a petition for a. new trial in said divorce petition No. 12,340 ; and at the same time she filed a motion for a rehearing of said divorce petition.

This was the state of the record up to February 23, 1901, on which date the said Stella E. White moved in this court for a commission to take depositions in said divorce petition No. 12,340, and on March 2, 1901, a commission was granted and issued, at which time no service of citation in divorce petition No. 13,016 had been made upon the respondent, who is a resident of New York.

The case is now before the court upon three motions made by said Joseph A. White, viz. :

First. To dismiss the petition for a new trial.

Second. To dismiss the petition for a rehearing.

Third. To revoke the order granting a commission to take testimony in said divorce petition No. 12,340.

It will be observed that said divorce suit No. 12,340 was. tried and decided on June 6, 1900, and that within one year, but not within six months thereafter, the petition for a new trial and for a rehearing was filed. By Gen. Laws R. I. cap. 251, power is given to the Appellate Division to grant a. new trial in a suit which shall have been tried or decided by the Common Pleas Division of the Supreme Court or in any District Court within one year previous to such application, for certain reasons therein specified ; but said chapter has no· application to suits tried in the Appellate Division of the·

Supreme Court, and divorce suits are triable in the Appellate Division alone, hence no authority is derivable from that chapter applicable to the petitions now before us.

(2)    Gen. Laws R. I. cap. 246, § 2, provides that "in case of judgment entered by mistake, or in case of decrees in all equity causes and cases following the course of equity, the court entering the same shall have control over the same for the period of six months after the entry thereof, and may for cause shown set aside the same and re-instate the case, or make new entry and take other proceedings, with proper notice to parties, with or without terms, as it may by general rule or special order direct."

Inasmuch as the divorce suit in question was heard and decided in the Appellate Division, any power granted under that section could be exercised in said suit so far as applicable to the conditions thereof, provided such exercise of power had been sought within six months from the entry of judgment therein. More than six months were allowed to elapse, however, so whatever power under said section would have been applicable to this suit, if invoked within six months after the judgment therein, is not now available.

We know of no other provision of the statutes that would avail the petitioner in her petitions for a new trial and a rehearing, nor any rule of law or of practice in the absence of statute provision on which she can rely, and, therefore, in our opinion the motions to dismiss must be granted.

(3)    The respondent, Joseph A. White, moves that the commission to take testimony hereinbefore referred to may be revoked. Gen. Laws R. I. cap. 244, § 28, authorizes the court to issue a commission to take depositions only "in any action, suit, or proceeding, civil or criminal, pending therein," and on February 23, 1901, when the petitioner Stella E. White moved for the commission as well, of course, as on March 2, 1901, when the commission was issued, divorce petition No. 12,340 had ceased to be pending, and hence the issuing of said commission was nugatory and void, and being void there is nothing to revoke. The commission, as appears by the papers, has been returned into court with

certain depositions taken under it, and is now deposited in the clerk's office sealed up.

For the reasons above given, the motion to revoke the commission to take depositions is denied.

The motions to dismiss the petition for a new trial and the petition for a rehearing are granted, and said petitions are denied and dismissed.

*F. P. Owen*, for petitioner.

*C. A. Wilson*, for respondent.